The Judges pronounced their opinions.
JUDGE TUCKER
stated the case as-above, and proceeded as follows:
The point most strongly contested in this Court was, whether Humphreys was entitled to a compensation for the deficiency of the' larger tract, (the equitable title to which was, at the time of the contract, in Rhodes,) according to the average price of the whole, or according to the specific value of the land when Rhodes acquired his legal title thereto, by the patent from the Governor of Kentucky. Mr. Wickham contended for the latter.
The price of lands must, in.all cases between the seller and the purchaser, be considered as the just value thereof at the time of the contract, regard being had. to the terms and mode of payment agreed on between them: in other words, the price is the value, as agreed on by the parties themselves: if the contract be executory on both sides, the party who hath not yet fulfilled his own engagements, comes with an ill grace before a Court of Equity to demand ample compensation, or, more properly speaking, vindictive . damages against the other party for any deficiency or failure on his part. Although M’Clenachan, either from want of information of Breckenridge’s contract with Rhodes, on his behalf, or from some other cause, is alleged to have sold Humphreys the whole oí the larger tract, instead of that part only to which he was justly entitled, that circumstance does not so clearly appear from the words of the contract itself, which only imports to convey all his title, interest, claim and demand, and every emolument arising from two land-warrants therein mentioned. It must not be forgotten that these warrants are assignable by law. It does not appear he then knew they were even located; he could not then be supposed to intend specifically to warrant the quality of the lands upon which they might be located: and, without some reference to quality and quantity, as connected with each other, hq> calculation of value, independent 500 *of the price, can possibly be formed. I therefore think the Chancellor’s decree correct in making the price per acre, the standard by which the abatement from the price is to be made, in regard to the larger tract, (b) With respect to the lesser tract, the only inconvenience or expense which Humphreys has been exposed to, as far as appears by this record, was the compensation of 121.' 10s. per thousand acres paid to the locator. This, according to the very terms of the contract, M’Clenachan had agreed to deduct from the amount of Humphreys’ bonds. More, the latter could on no principle be entitled to, as was decided, I believe, in the case of Hull v. Cunningham’s executors, last term, (c) X approve also of the remainder of the decree, though, some objections, not appearing upon the record, might, perháps, have been taken to it.
JUDGE ROANE.
In the case of Mills v. Bell, 3 Call, 326, it was resolved by this Court that, in the case of an eviction after a conveyance made with warranty, the *197 value of the lost land, as at the time of ■eviction, should give the rule by which the vendee is to be remunerated; for that “the purchaser is entitled, on the covenant, to the increased value of the estate, as well as for any improvements he may have made on it, but that when the contract is executory, a Court of Equity will adjust it upon principles of equity according to the circumstances.”
Under the last branch of this position the said case of Mills v. Bell was adjusted. In the case of Nelson v. Matthews, 2 H. & M. 164, it was held that the actual value at the time of the contract should give the rule. This case, however, is supposed not to be in opposition to the principle laid down in Mills v. Bell, (ut supra,) as it was the case of a deficiency in the quantity of land sold, and not an eviction of any part of that actually conveyed by the deed. There was no subject, therefore, quoad the matter in controversy, the value of which could have increased, or on which improvements could have been placed: the giving the purchaser, therefore, the value of his purchase at the time, with interest, would do him ample justice. This last case is analogous to the one before us; and the value of the deficient land, as at the time of the purchase, should give the rule in this case as in that: but, as it is not objected that the price contracted for is greater or less than the real value at the date of the contract, I 501 *see no reason to depart from that in the present instance; and am for affirming the decree.
The case of Farley v. Shippen, Wythe’s Rep. p. 135, is conclusive as to the power •of the Court over lands lying in another state, where the persons decreed against are within its jurisdiction. It is true that the •commissioners or agents who are to carry the decree into execution ought to be within the jurisdiction, so as to be amenable to the process of the Court. In point of fact, I believe that the commissioners in this case •do reside out of the limits of the Commonwealth ; but, as this does not appear of record, it is not for us to take the objection.
JUDGE FLEMING. It is the unanimous opinion of the Court that the decree be affirmed.

 See Nelson v. Matthews, 2 H. & M. 164.